**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 11-CV-62435-MARRA/JOHNSON

FLORENCE LUNDE,

    Plaintiff,

vs.

HAIR FRENZY SALON, INC., a
Florida Profit Corporation, d/b/a
HAIR FRENZY SALON & SPA, and
AD PEMBROKE LAND COMPANY,
LLC, a Foreign Limited Liability Company,

    Defendants.
_____/

**AMENDED COMPLAINT**

Plaintiff FLORENCE LUNDE (hereinafter "Plaintiff"), through the undersigned counsel, hereby files this Amended Complaint and sues AD PEMBROKE LAND COMPANY, LLC (hereinafter, collectively referred to as "Defendant"), for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT OF 1990," or "ADA") and alleges:

**JURISDICTION**

1.    This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on Defendant's violations of Title III of the Americans

with Disabilities Act of 1990, (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202.

**VENUE**

2. The venue of all events giving rise to this lawsuit is located in Broward County, Florida. Pursuant to 28 U.S.C. §1391(B) and rule 3.1 of Local Rules of the United States District Court for the Southern District of Florida, this is the designated court for this suit.

**PARTIES**

3. Plaintiff, FLORENCE LUNDE, is a resident of the State of Florida. At the time of Plaintiff's visit to AD PEMBOKE LAND COMPANY, LLC, Plaintiff suffered from a "qualified disability" under the ADA, and required the use of a wheelchair for mobility. The Plaintiff personally visited AD PEMBOKE LAND COMPANY, LLC, but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within AD PEMBOKE LAND COMPANY, LLC, which is the subject of this lawsuit.

4. Defendant, AD PEMBROKE LAND COMPANY, LLC, is authorized to conduct business and is in fact conducting business within the State of Florida. Upon information and belief, AD PEMBOKE LAND COMPANY, LLC is the owner and lessor of the Real Property and therefore held accountable of the violations of the ADA on the Property which is the matter of this suit. The Property is located at 3701 SW 52ND AVENUE, PEMBROKE PINES, FLORIDA.

**CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

5. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1

through 4 of this complaint, as are further explained herein.

6. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants had ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

7. As stated in 42 U.S.C. §12101(a) (1)-(3), (5) and (9), Congress found, among other things, that:

   i. some 43,000,000 Americans have one or more physical or mental disability, and this number shall increase as the population continues to grow and age;

   ii. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   iv. individuals with disabilities continually suffer forms of discrimination, including: outright intentional exclusion; the discriminatory effects of architectural, transportation, and communication barriers; failure to make modifications to existing facilities and practices; exclusionary qualification standards and criteria; segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

   v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which this country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

8.     As stated in 42 U.S.C. §12101(b)(1)(2) and (4), Congress explicitly stated that the purpose of the ADA was to:

> i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

9.     Pursuant to 42 U.S.C. §12181(7), and 28 CFR §36.104, Title III, no individual may be discriminated against on the basis of disability with regards to the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. AD PEMBOKE LAND COMPANY, LLC is a place of public accommodation by the fact it is an establishment that provides merchandise and services to the general public, and therefore, must comply with the ADA.

10.    The Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at AD PEMBOKE LAND COMPANY, LLC, located at 3701 SW 52ND AVENUE, PEMBROKE PINES, FLORIDA, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.; and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

11.     Plaintiff has visited the Property, and has been denied full, safe, and equal access to the Property and therefore suffered an injury in fact.

12.     Plaintiff would like to return and enjoy the goods and/or services at the Property on a spontaneous but full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide people with disabilities with full and equal access to their facility. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers, which are in violation of the ADA.

13.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. The ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, may cause violators to obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

14.     The Defendant is in violation of 42 U.S.C. §12181 et. seq., and 28 C.F.R. 36.302 et. seq., and are discriminating against the Plaintiff with the following specific violations:

   a. Failure to avoid protruding objects (the outside sign is too low). Pursuant to ADAAG 4.4.1, objects projecting from walls with their leading edges between 27 inches and 80 inches (685 mm and 2030 mm) above the finished floor shall protrude no more than 4 inches (100 mm) into walks, halls, corridors, passageways, or aisles (fig. 8(a)). Protruding objects shall not reduce the clear width of an accessible route or maneuvering space (fig. 8(e)).

   b. Failure to provide compliant pathway from handicap parking spaces to the entrance of various Subject Facilities, as required by 28 C.F.R., Part 36, ADAAG 4.6.2.

c. Failure to provide accessible handicap spaces that are located on the shortest route of travel from adjacent parking to the Subject Facility as required by 28 C.F.R. Part 36, ADAAG 4.6.2.

d. Failure to create "detectable warnings" for individuals with visual impairments where they approach the vehicular traffic pursuant to ADAAG 3.5, 4.29.2 & 4.29.5 (the current "detectable warnings" are the same color as the sidewalk, but they must comply with the requirements of conspicuity.

e. Failure to have store signs that are in compliance with ADAAG 4.4.2; some are too low (i.e., the *Beverly Jewelers* sign is too low, as is the *Hair Frenzy* sign).

f. Failure to provide all curb ramps throughout the plaza with detectable warnings, pursuant to ADAAG 3.5, 4.29.2 & 4.29.5 (i.e., the color of each must be changed to something which will be a greater contrast to the side walk than the current grey), to comply with the requirement of conspicuity.

g. Failure to make sure all curb ramps throughout the plaza comply with ADAAG 4.7 and be positioned so that one runs straight ahead into the other; currently, some ramps are on angles which poses a danger to individuals with visual impairments.

h. Failure to create hatching on the ground between the ramps so that individuals with visual impairments can easily get across, o to comply with ADAAG 4.29.

i. Failure to provide an accessible route form the parking lot north of *Brimstone* to the restaurant.

j. Failure to provide a compliant valet service. The valet area between *Brimstone* and *Brio* needs a curb ramp so that individuals with disabilities are able to exit their vehicles and get on to the sidewalk (they should not have to go onto the street and into traffic to reach the ramps that are located north and south of the valet area), pursuant to ADAAG 4.7.

k. Failure to create a compliant handicap parking spot. The parking spot at the south side of *Barnes and Noble* is not in compliance with ADAAG 4.6.6 and 4.7, though labeled (accessible) is actually in violation of the ADAAG because the curb ramp is placed directly in the center; instead, it should be placed by the access aisle so that an individual using the access aisle is able to get directly onto the sidewalk.

l. Failure to provide the trolley/bus drop off area with a curb ramp; there is no way for an individual using a wheel chair to get onto the sidewalk, so to comply with ADAAG 4.3.8 and 4.6.6.

m. Failure to have compliant parking lots. All the "back" parking lots (i.e., the lot behind *Fuddruckers*; the lot behind *Old Navy*; the lot next to the Plaza's office; etc.) must add handicap accessible parking spots, as well as the proper signage, proper hatching, and proper curb ramps for individuals to get onto the sidewalk.

n. Failure to avoid the protruding object. The area surrounding the entrance to the Plaza's office has a protruding object (the rain spout) that needs a cane detectable barrier, so to comply with ADAAG 4.4.

o. Failure to provide adequate paths with at least 36 inches of width, pursuant to ADAAG 4.3.3. For example the stop sign by the *Tavern* is obstructing the path by not providing enough space for a person in a wheel chair to pass on that sidewalk; among others.

p. Failure to ensure that all doors throughout the plaza do not exceed a maximum pushing or pulling force of 5 lbf in compliance with 28 C.F.R. Part 36, ADAAG 4.13.11.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

17. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible and useable by individuals with disabilities to the extent required by the ADA, and closing the Property until the requisite modifications are completed.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

19. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendant is in violation of the ADA;

20. That this Honorable Court enter an Order requiring Defendant to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

21. That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

22. That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

23. That this Honorable Court award such other and further relief as it deems necessary, just and proper.

Dated this 21st day of March, 2012.

Respectfully submitted by:
s/Ronald E. Stern
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone:  (954) 639-7016
Facsimile: (954) 639-7198
Attorney for Plaintiff FLORENCE LUNDE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 11-CV-62435-KAM

FLORENCE LUNDE,

    Plaintiff,

        vs.

HAIR FRENZY SALON, INC., a Florida
profit corporation, d/b/a HAIR FRENZY
SALON & SPA, and AD PEMBROKE
LAND COMPANY, LLC, a foreign limited
liability company,

    Defendants.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 21st day of March, 2012, I electronically filed the Amended Complaint with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or Via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        By: <u>S/Ronald E. Stern</u>
           Ronald E. Stern, Esq.
           Florida Bar No. 10089
           THE ADVOCACY LAW FIRM, P.A.
           1250 East Hallandale Beach Blvd.
           Suite 503
           Hallandale Beach, Florida 33009
           Telephone:  (954) 639-7016
           Facsimile:  (954) 639-7198
           Attorney for Plaintiff, FLORENCE LUNDE

## SERVICE LIST:

FLORENCE LUNDE v. HAIR FRENZY SALON, INC., a Florida profit corporation, d/b/a HAIR FRENZY SALON & SPA, and AD PEMBROKE LAND COMPANY, LLC, a foreign limited liability company
CASE NO. 11-CV-62435-KAM
United States District Court, Southern District Of Florida

Attorney for HAIR FRENZY SALON, INC., a Florida profit corporation, d/b/a HAIR FRENZY SALON & SPA
Arthur Vincent, Esq.
LAW OFFICES OF ARTHUR VINCENT
800 East Broward Boulevard, Suite 607
Fort Lauderdale, FL 33301
Telephone: (954) 524-9494
Facsimile: (954) 653-5027

**VIA CM/ECF**


Attorney for AD PEMBROKE LAND COMPANY, LLC

K. Stuart Goldberg, Esq.
LUKS, SANTANIELLO, PETRILLO & JONES
110 S.E. 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 761-9900
Facsimile: (954) 761-9940

**VIA CM/ECF**