IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 0:11-CV- 62435-MARRA-JOHNSON

FLORENCE LUNDE

      Plaintiff,

v.

HAIR FRENZY SALON, INC. d/b/a HAIR
FRENZY SALON & SPA and AD
PEMBROKE LAND COMPANY, LLC,

      Defendants.

---

### DEFENDANT AD PEMBROKE LAND COMPANY'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT ON LACK OF STANDING

**DEFENDANT AD PEMBROKE LAND COMPANY, LLC,** through its undersigned

counsel, hereby moves this Honorable Court to enter an order granting it a partial summary

judgment on those claims for which the Plaintiff lacks standing to seek injunctive relief,

pursuant to Federal Civil Rule 56(b) and (d), and in support states as follows:

      1.      This is an action for injunctive relief brought by an individual plaintiff Florence

Lunde pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

(ADA), claiming she suffers from a disability in that she requires the use of a wheelchair and

was denied access to defendant's facilities because of its violations of the ADA  See, Amended

Complaint, ¶ 3 **[D.E. 26].**

      2.      Some of the violations plaintiff seeks to enjoin do not apply to her.  She seeks

injunctive relief to require the defendant to make changes to its facilities which she alleges

affect people with visual impairments when she does not allege she is visually impaired and in

fact she is not visually impaired.  At her deposition, which is being filed in support of this

motion, she testified:

*Page 5, Line 20:*
Q:      How is your vision?
A:      My vision?
Q:      Yes.
A.:     It is corrected.
Q:      With glasses you can see fine?
A:      Yes.

*Page 24, Line 7:*
Q:      As far as the curb ramps from the street level to the sidewalk level, what's been your experience in dealing with them at Pembroke Gardens?
A:      You mean going up and down them?
Q:      Yeah.
A:      I've had no trouble.
Q:      Have you encountered any barriers to your accessibility in dealing with the changes in elevation from street level to sidewalks?
A:      Say that again.
Q:      Have you encountered any barriers?
A:      Barriers, no.  You mean on the ramp?
Q:      Anywhere.  I mean, I would think the most likely way to get from the street to the sidewalk would be the one of the curb ramps.
A:      Right.
Q:      But I'm asking you, if you had encountered any barriers to your accessibility?

*Page 25, Line 1:*
A:      Barriers, no.  Not unless you are talking about that I had to park here and the store is here, and its 95, 97 percent humidity, and I can't breathe.  That's a barrier.

        3.      Despite the undisputed fact the plaintiff is not visually impaired, she alleges, at

¶ 14 of the Amended Complaint, she is being discriminated against because of these specific

violations:

        a and e.) There are hanging signs which are too low;

        d.)     Failure to create "detectable warnings" for individuals with visual impairments

        where they approach vehicle traffic;

f.)     Failure to provide contrasting colors in the curb ramps to provide detectable warnings;

g.)     Some curb ramps are on angles which pose a danger to individuals with visual impairments;

h.)     Failure to create hatching on the ground between the ramps so individuals with visual impairments can easily get across;

4.      Since Plaintiff Florence Lunde is not herself visually impaired, she lacks standing to seek injunctive relief regarding alleged violations of the ADA which do not apply to her and therefore do not interfere with her access to the facility on account of her personal disability.

5.      While Defendant AD Pembroke LLC denies there are violations of the ADA at the Shops of Pembroke Gardens which interfere with individuals with visual impairments' full and equal access to the facilities there, since this Plaintiff does not have a visual impairment, she is not entitled to seek injunctive relief on behalf of any individuals with visual impairments.

6.      At ¶ 18 of its Answer to the Amended Complaint **[D.E. 30],** this defendant denied there is a case or controversy between Plaintiff and this Defendant cognizable under Art. III of the United States Constitution.

7.      Among its AFFIRMATIVE DEFENSES, Defendant raised the defense of lack of Standing, at ¶ 21 and 22 of its Answer:

## I.  LACK OF STANDING TO BRING ACTION

21.     Notwithstanding the Constitutional and statutory requirements that Plaintiff has the burden of proving his standing, this Defendant further affirmatively asserts that Plaintiff is without standing to bring this action in that

upon information and belief she sought access to this Defendant's premises, not for the purpose of using the facility in the manner of a *bona fide* patron or customer but solely for the purpose of obtaining evidence to bring this action and as such has no standing to bring the action.  Article III of the United States Constitution limits this Court's jurisdiction to "cases and controversies" arising under the laws of the Untied States and Plaintiff has failed to allege and will be unable to show sufficient facts showing a case or controversy between the parties, and therefore has failed to allege sufficient facts to establish Plaintiff's individual standing.

## II.  LACK OF STANDING AS TO INDIVIDUAL CLAIMS

22.     Notwithstanding the Constitutional and statutory requirements that Plaintiff has the burden of proving its standing, this Defendant affirmatively asserts that Plaintiff lacks standing to bring an action for relief against this Defendant for purported discrimination and denial of access to facilities or portion of Defendant's facility which (a) she did not seek access to or goods and services from; (b) of which she had no knowledge prior to commencement of this action; or (c) which are not related to her disabilities

8.     Federal Civil Rule 56 (b) requires a trial court to enter an order granting summary judgment on a defense where the material facts are not in genuine dispute and the defendant is entitled to relief sought under the law.  Rule 56 (d) provides for partial summary judgment where an issue of liability. Can be resolved by interlocutory summary judgment.

## CONFERRAL STATEMENT

9.     The undersigned counsel has made a good faith effort to resolve this dispute in accordance with Local Rule 7.1.A.3 prior to filing this Motion and states that Plaintiff's counsel does oppose this motion and objects to the relief requested herein.

WHEREFORE, Defendant AD Pembroke Land Co., LLC prays for the entry of an order granting it a partial summary judgment on Plaintiff Florence Lunde's claims based on violations of ADA which would affect individuals with visual impairments or otherwise do not relate to her personal disability.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

1.　　Summary judgment is appropriate if the record evidence shows there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

2.　　The non-moving party may not rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party may not rest on mere allegations, but rather must raise significant probative evidence sufficient for a jury to find in their favor. *See LaChance v. Duffy's Draft House, Inc.,* 146 F.3d 832, 835 (11th Cir.1998). "The plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

3.　　The failure to present proof concerning an essential element of the plaintiff's ADA case necessarily renders all other facts immaterial and requires the court to grant the

motion for summary judgment. *Access Now, Inc. v. S. Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1361-62 (S.D. Fla. 2001)

4.     It is well settled that Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals. <u>PGA Tour, Inc. v. Martin</u>, 531 U.S. 1049, 121 S.Ct. 1879, 1889, 149 L.Ed.2d 904 (2001).   Employment discrimination, discrimination by government entities, and discrimination by places of public accommodation are governed by separate titles of the ADA. Title III, which applies to discrimination at places of public accommodation, is invoked in the instant case.  It is also well settled that only injunctive relief is available to private plaintiffs who file suit under Title III.

5.     To prove standing to bring a claim under Title III of the ADA, a private plaintiff must have suffered an "injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the  injury will be 'redressed by a favorable decision." *Raetano v. Ulmerton Enterprises, Inc.*, 2010 WL 996536 (M.D.Fla. 2010), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

6.     Since the only relief available to Plaintiff Lunde in the instant action is injunctive relief, "a party has standing to seek injunctive relief only if the party alleges ... a real and immediate - as opposed to a merely conjectural or hypothetical - threat of future injury," because injunctive relief regulates future conduct. *Wooden v. Bd. of Regents of Univ. Sys. of*

*Georgia*, 247 F.3d 1262, 1284 (11th Cir.2001) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)).

7.      "In ADA cases ... a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant."  Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir.2001).  In Shotz, the private Plaintiff brought an action under Title II of the ADA for alleged discrimination in his access and ability to participate in proceedings at the Levy County Courthouse. The Eleventh Circuit held that because Shotz had alleged no intention to return to the Levy County Courthouse, and did not allege a real and immediate threat of future discrimination, he did not have Article III standing to bring his cause of action.  Id. at 1082. (citations omitted).

8.      In the instant matter, even if Plaintiff Lunde is a disabled person within the meaning of the Americans with Disabilities Act since she alleges she is confined to a wheelchair, in order  to determine whether Plaintiff Lunde suffered an injury *in fact* and whether there is any real threat of future discrimination, the Constitution requires a trial court to determine whether the ADA violations she has complained of are merely general violations or specific to her disability.  A plaintiff is not injured by ADA violations at a public accommodation which do not affect his individual disability.  *Steger v. Franco, Inc.,* 228 F.3d 889, 893 (8th Cir. 2000).

9.      Last year, in *Ramnarine v. Epic Realty of Ohio II, LLC,*  this Court held that a Plaintiff did not have standing to assert a claim regarding non-compliant Braille signage, because that plaintiff was not blind. 10-81162-CIV, 2011 WL 52410 (S.D. Fla. Jan. 6, 2011). Judge James I. Cohn stated:

Plaintiff has pled sufficient facts to have standing to pursue this ADA action, with one exception noted by Defendant. Plaintiff does not have standing to assert a claim regarding non-compliant Braille signage, as Plaintiff is not blind. Plaintiff has not sufficiently alleged that his injury was causally connected to Defendants' action regarding non-compliant Braille signage. Therefore, ¶ 12(m)(ii) of the Complaint is dismissed.

10.      The decisions of the Southern District of Florida have consistently limited ADA plaintiffs to seek relief  for ADA violations which pertain to the plaintiff's disability. See *Gutherman v. 7-Eleven, Inc.,* 278 F. Supp. 2d 1374, 1378 (S.D. Fla. 2003), Hon. Donald M. Middlebrooks:  "A plaintiff has standing to raise only those claimed violations that pertain to his or her particular disability;" *Access Now, Inc. v. South Fla. Stadium Corp.*, *supra*,  where Judge K. Michael Moore stated:

> Article III standing requires a plaintiff to demonstrate three things: that he has suffered an "injury in fact;" that the injury was causally connected to the defendant's action; and that the injury will be redressed by judgment in his favor. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Discrimination suffered in violation of the ADA is an injury sufficient to give rise to an Article III case or controversy. *See Parr v. L & L Drive– Inn Restaurant,* 96 F.Supp.2d 1065, 1079 (D.Haw.2000). Standing is limited to claims for which the plaintiff is "among the injured," *see Lujan,* 504 U.S. at 560, 112 S.Ct. 2130; in the present case, this would include allegations of discrimination against mobility-impaired, wheelchair-restricted persons. Plaintiffs lack standing to complain about violations on behalf of all disabled individuals, as this would expand the standing doctrine beyond the limits of Article III. *See Lewis v. Casey,* 518 U.S. 343, 358 n. 6, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To the extent that Plaintiffs complain about violations that would discriminate against blind or deaf persons, or any disabilities other than that suffered by Plaintiff Resnick, they lack standing to pursue such claims. *Parr,* 96 F.Supp.2d at 1082.

11.      Judge James Lawrence King came to the same conclusion in *Disability Advocates & Counseling Group, Inc. v. Betancourt*, 379 F. Supp. 2d 1343, 1357 (S.D. Fla. 2005):

> If a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case. To answer the question of standing, this Court must determine "whether the litigant is entitled to have the

court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limits on its exercise." *See Warth,* 422 U.S. at 498, 95 S.Ct. 2197, 45 L.Ed.2d 343. The threshold question for these constitutional limitations is "whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Id.* at 498-99, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343. A plaintiff invoking federal jurisdiction must allege "a personal stake in the outcome of the controversy." *Id.* (citing *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). Pursuant to Article III of the U.S. Constitution, this Court's judicial power exists "only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Id.* at 499, 95 S.Ct. 2197, 45 L.Ed.2d 343.

12.    "The plaintiff cannot … shoehorn an unknown number of supposed, but unknown, victims into their cause of action by the mechanism of associational standing." *Concerned Parents To Save Dreher Park Ctr. v. City of W. Palm Beach*, 884 F. Supp. 487, 489 (S.D. Fla. 1994), Hon. Kenneth L. Ryskamp.

13.    Judge Jose A. Martinez:  "Plaintiffs do not have standing to complain about alleged barriers which are not related to their respective disabilities."   *Brother v. CPL Investments, Inc*., 317 F. Supp. 2d 1358, 1368 (S.D. Fla. 2004).

14.    "As neither Plaintiff Daniel Ruiz nor Plaintiff Luis Rodriguez introduced evidence of a disability other than paralysis, the Court will not consider the *Princesa* 's compliance with Title III in regards to other disabilities, as no such claims are properly before the Court. In other words, the issues in this case are limited to whether Ruiz and/or Rodriguez suffered discrimination in violation of Title III."   *Ass'n for Disabled Americans, Inc. v. Concorde Gaming Corp. (Goldcoast Entm't Cruises, Inc.)*, 158 F. Supp. 2d 1353, 1364 (S.D. Fla. 2001), Hon. Shelby Highsmith.

## CONCLUSION

15.     The law is clear a Plaintiff seeking injunctive relief under Tile III of the ADA must have standing to do so under Article III of the United States Constitution, and a person who is not herself visual impaired lacks standing to seek injunctive relief regarding barriers which allegedly interfere with access to people who are visually impaired.    Therefore Defendant is entitled to a partial summary judgment in its favor regarding the allegations made in Paragraph 14, at subparts a, d, e, f, g and h.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 11th day of April, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ K. Stuart Goldberg____
DANIEL J. SANTANIELLO, ESQUIRE
Florida Bar No.: 860948
K. STUART GOLDBERG, ESQUIRE
Florida Bar No.:  454745
LUKS,SANTANIELLO,PETRILLO & JONES
Attorneys for Defendant, AD Pembroke
110 S. E. 6th Street - 20th Floor
Fort Lauderdale FL  33301
Telephone:  (954) 761-9900
Facsimile:  (954) 761-9940
sgoldberg@ls-law.com

Lunde V. Hair Frenzy
CASE NO.: 0:11-CV- 62435-Marra/Hopkins
Motion for Partial Summary Judgment (Standing)
Page 11

## SERVICE LIST

**U.S. District Court**
**Southern District of Florida**

Ronald E. Stern
*Attorney for Plaintiff*
The Advocacy Law Firm
1250 East Hallandale Beach Blvd., Suite 503
Hallandale Beach, FL 33009
Served Via CM/ECF